**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RANDY M. STONE,

Petitioner,

v.

STATE OF NEVADA *et al.*,

Respondents.

Civil Action No. 22-214 (UNA)

**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, is a Nevada state prisoner who is incarcerated at a correctional facility in Lovelock, Nevada. He seeks a writ of habeas corpus to challenge his conviction and sentence.[1] *See* Dkt. 1 at 1, 9-27 For the following reasons, this case will be transferred to the District of Nevada.

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before obtaining review, a petitioner must first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1). Thereafter, he may file an application under § 2254 "in the district court for the district wherein such person is in custody or in the district court for the district [where] the State court was held which convicted and sentenced [petitioner][,] and each of

[1] Petitioner was convicted in Las Vegas Township on multiple counts of sexual assault of a minor and sentenced to "life with parole eligibility after twenty years on each count." *Stone v. Palmer*, No. 3:08-CV-0172-RCJ-VPC, 2011 WL 3419511, at *1 (D. Nev. Aug. 2, 2011).

such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Because this is neither "the district wherein [Petitioner] is in custody [n]or . . . the district [where] the State court was held which convicted and sentenced [Petitioner]," *id.*, Petitioner does not appear to have complied with this requirement by filing in this Court.

But this Court has previously held that this requirement does not implicate its subject matter jurisdiction, and so—like venue and personal jurisdiction—compliance may be waived. *See Lane v. United States*, 14-cv-731, 2015 WL 6406398, at *3–7 (D.D.C. Oct. 21, 2015); *see also Banks v. Booth*, 20-cv-849, 2020 WL 2100978, at *2 (D.D.C. May 1, 2020) (same for the "immediate custodian rule"). Although courts generally may not reach such issues *sua sponte*, *see Buchanan v. Manley*, 145 F.3d 386, 388 (D.C. Cir. 1998) (venue); *Kapar v. Kuwait Airways Corp.*, 845 F.2d 1100, 1105 (D.C. Cir. 1988) (personal jurisdiction), the Court need not decide whether *sua sponte* consideration is appropriate here, as the statutory scheme expressly contemplates the situation in which a habeas petition is filed in the wrong district. In such circumstances, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d). Given that Petitioner is currently held at Lovelock Correctional Center, the Court will exercise its discretion and transfer this matter to the District of Nevada.

A separate order of transfer accompanies this Memorandum Opinion.

/s/
RANDOLPH D. MOSS
United States District Judge

Date: March 1, 2022