UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY M. STONE, | Case No. 3:22-cv-00136-ART-CLB |
| Petitioner, | **Order Granting Motion for Discovery** |
| v. | |
| STATE OF NEVADA, *et al.*, | (ECF No. 28) |
| Respondents. | |

28 U.S.C. § 2254 habeas corpus petitioner Randy M. Stone, represented by the Federal Public Defender ("FPD"), has filed a motion for leave to conduct discovery. (ECF No. 28.) Because none of Stone's former attorneys has retained a case file, the Court grants the motion.

I. **Background**

A jury convicted Stone of 7 counts of sexual assault with a minor under the age of 14 and acquitted him of 11 more counts of the same. (*See* ECF No. 28.) Judgment of conviction was entered in January 2004. (*See* ECF No. 28 at 2.) His current petition is second and successive to *Stone v. Palmer, et al.*, which was denied on the merits. Case No. 3:08-cv-00172-RCJ-VPC (D.Nev. May 8, 2008). The Ninth Circuit Court of Appeals denied a certificate of appealability. (*Id.* at ECF No. 60.)

Stone filed this petition, and the Court granted his motion for appointment of counsel. (ECF No. 18.) His petition alleges several constitutional violations, including violations of his right to confrontation and to conflict-free counsel, and ineffective assistance of counsel at sentencing. (ECF No. 1.) Stone now seeks discovery. (ECF No. 31.) Respondents opposed, and Stone replied. (ECF Nos. 30, 31.)

1

II.     **Motion for Leave to Conduct Discovery**

   a. **Legal Standard**

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904 & 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908 & 909. The Ninth Circuit, consistent with *Bracy* and *Harris*, has held that habeas discovery is appropriate in cases where the discovery sought only might provide support for a claim. *See, e.g., Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). *See also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008), rev'd on other grounds, *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009) (in discussing its precedent in *Jones* as to habeas discovery, the Ninth Circuit reinforced the point that a court should allow discovery that, as emphasized by the Court of Appeals, only "may establish" a factual basis for the petitioner's claim).

**b. Discovery Sought**

In his motion to conduct discovery, Stone explains that he seeks to pursue claims related to demonstrating his innocence. (ECF No. 28.) The FPD states that she took reasonable steps to obtain the original discovery in this case where the judgment of conviction dates back to 2004. Counsel unsuccessfully tried to contact Stone's initial defense attorney; she was able to reach Stone's trial attorney, who no longer had the file due to the age of the case. His direct appeal counsel also no longer had the case file. Thus, Stone now argues that what he requests constitutes recovery, not discovery. Specifically, he requests:

- Leave to subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event No. 001108-2360).

- Leave to subpoena the Clark County District Attorney's Office for any and all records and/or evidence related to this case (Eighth Judicial District Court Case No. C-178669; Las Vegas Justice Court Case No. 01F02496X), including but not limited to any and all records and/or evidence that the DA's office turned over to the defense (or should have turned over to the defense) during the state court proceedings.

(*Id.* at 3.)

Similar to *Jones*, Stone seeks "discovery" in order to recreate his own file. 114 F.3d at 1009. In *Jones*, the court held that the district court erred in denying the petitioner's request for "discovery" to recreate his file by seeking documents from his trial lawyer, his pretrial investigator, and the prosecutor in his case. *Id.* Stone likewise seeks the materials that already existed at the time of trial, including the complaining witness' statements, but which he does not have because his trial and appellate counsel destroyed his files. Defense counsel was legally entitled to written and recorded statements by prosecution witnesses and expert materials. *See* NRS 174.235(1)(a) (requiring prosecution to disclose upon request "any written or recorded statements" made by prosecution witnesses) and NRS 174.234(2)(a)-(c) (requiring disclosure of a description of the expert witness's

testimony, curriculum vitae, and reports).

As Stone makes clear, nothing sought is new evidence and is sought to support a claim of actual innocence. Respondents argue that Stone fails to state good cause for obtaining these materials and that Stone is essentially seeking another bite at the apple to manufacture a claim that does not exist. But they do not deny that the materials exist, Stone was legally entitled to them, they were either previously disclosed or would have been accessible to trial counsel, and, if developed, could possibly show that Stone is entitled to relief on his habeas claims.

III. **Conclusion**

It is therefore ordered that Petitioner's motion for discovery **(ECF No. 28) is GRANTED**.

It is further ordered that Petitioner notify the Court when he has completed the discovery outlined in this Court's order, which he must complete no later than **60 days** from the date of this order.

DATED THIS 21st day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4