Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Shelly Richter
Assistant Federal Public Defender
California State Bar No. 343104
411 E. Bonneville Ave. Suite 250
Las Vegas, Nevada 89101
(702) 388-6577
Shelly_Richter@fd.org

*Attorney for Petitioner Randy Stone

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Randy Stone,

Petitioner,

v.

Tim Garrett, et al.,

Respondents.

Case No. 3:22-cv-00136-ART-CLB

**Reply in support of motion to deny pending motion to dismiss as moot (ECF No. 61), and to issue briefing schedule**

## Points and Authorities

### I. The Court should deny the State's motion to dismiss as moot and issue a briefing schedule, as it would in any new case.

In his motion, Mr. Stone respectfully asks the Court to deny the State's pending motion to dismiss as moot, ECF No. 61, and to issue a briefing schedule, in light of the fact that the state court has issued an amended judgment of conviction.

The State makes two arguments in opposition. First, they argue that the amended judgment merely corrected a clerical error, and therefore it does not constitute a new judgment. Second, they argue that regardless of whether the state court entered a new judgment, this Court should just deny the pending pro se petition that was filed long before the new judgment. Both of these positions fail.

#### A. Because the state court found that the prior judgment was illegal (not clerically deficient), it entered an amended judgment.

The State acknowledges, as it must, that to determine the effect of an amended judgment on a petitioner's sentence, the Court looks to the applicable state law. ECF No. 69 at 4 (citing *Turner v. Baker*, 912 F.3d 1236, 1238-39 (9th Cir. 2019)). Yet it then argues, "Adding the name of the restitution recipient merely corrected a clerical error because it did not affect the validity of the sentence." ECF No. 69 at 5. This flies in the face of the state court's actual order.

When Stone moved for an amended judgment of conviction, he did not argue that the Court should correct a clerical error. *See generally* ECF No. 68-1. Rather, he moved for the Court to correct his illegal sentence. *Id.* The State opposed, ECF No. 68-2, and Stone replied. ECF No. 68-3. The state district court held oral argument on the issue. ECF No. 68-4. It then granted Stone's motion to correct illegal sentence and directed entry of a second amended judgment. ECF No. 68-5. The state court held, "the restitution provision is facially deficient and varies from governing law." *Id.* at 4. And it held Stone properly raised the facial defect with his restitution order via a motion to correct an illegal sentence. *Id.* at 6. At no point

did anyone—Stone, the State, or the state district court—suggest that all that was happening was a correction to a mere clerical or scrivener's error.[1]

The State's citations to two unpublished Nevada Court of Appeals orders do not suggest otherwise. The State points to language in these orders that parses what kind of error makes an original judgment of conviction not final under state law. ECF No. 69 at 4. But finality is not the relevant question here.

In *Magwood*, the United States Supreme Court did not ask whether the original judgment of conviction was "final" under state law. *See generally Magwood v. Patterson*, 561 U.S. 320 (2010). Just the opposite; the Court found that Magwood's "1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Id.* at 331. Thus, from *Magwood* flowed the straightforward holding that an amended judgment that "replaces an invalid sentence with a valid one" creates a new, intervening judgment. *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). Finality or lack thereof was not the issue in *Magwood* or its progeny.

The Ninth Circuit's *Witter* decision further supports Stone's position, although the State tries to distinguish it based on its "very specific facts." ECF No. 69 at 5. In *Witter*, years after Witter was sentenced to death, he moved to amend his judgment of conviction that "included restitution with 'an additional amount to be determined.'" *Witter v. Reubart*, No. 22-99003, 2024 WL 810706, at *1 (9th Cir. Feb. 27, 2024). On state appeal, the Nevada Supreme Court found that Witter's uncertain restitution clause in his original judgment of conviction "clearly constitutes er-

[1]The order was appealable, but the State did not appeal. *See State v. Eighth Judicial Dist. Court (Brown)*, 569 P.3d 637, 639-40 (Nev. 2025) (holding State may appeal a district court order granting a motion to correct illegal sentence, but may not appeal from a final judgment, and may not seek mandamus review).

ror," but that Witter was "estopped from now arguing that the judgment was not final and that the subsequent proceedings were null and void for lack of jurisdiction." *Witter v. State*, 135 Nev. 412, 416, 452 P.3d 406, 410 (2019).

In federal habeas proceedings, Witter argued that his amended judgment of conviction was a new judgment under *Magwood*. Similar to here, the State contended "that Witter's amended judgment is not a 'new' judgment under *Magwood* because the Supreme Court of Nevada has not explicitly described a judgment with an indefinite restitution clause as 'invalid.'" *Witter*, 2024 WL 810706, at *2. The Ninth Circuit disagreed, explaining that under Nevada law, the terms of restitution must be certain. *Id.* at *1. The Ninth Circuit went on, noting it does not "matter whether the error in the judgment was minor or major"—what matters is that, "Witter's habeas petition challenges a new, intervening judgment that 'replace[d] an invalid sentence with a valid one." *Id.* at *2.

What was true in *Witter* is also true here. The terms of restitution must be certain. As the state district court correctly concluded in granting Stone's motion to correct illegal sentence, Stone's amended judgment of conviction replaced an invalid sentence with a valid one. *See* ECF No. 68-5; Order, *Campbell v. Bean*, Case No. 2:25-cv-01490-APG-DJA (D. Nev. Oct. 2, 2025) (ECF No. 5). And it is the state court's judgment about the type of error that the state court is correcting that ultimately controls. *See, e.g.*, *Turner*, 912 F.3d at 1238-40 (looking to state law to determine whether there has been a new judgment under *Magwood*). "[A] federal habeas court may not second-guess state-court interpretations of state law." *McCarthy v. Hernandez*, 608 U.S. 809, 820 (2026); *see also, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Harris v. Reed*, 489 U.S. 255, 264 (1989) (same).

Therefore, Stone should have the opportunity to file a habeas petition that challenges his new judgment of conviction, which would neither be second or successive under § 2244(b), nor untimely.

**B. Under § 2254(a), Stone should have the opportunity to file a federal habeas petition that challenges his new judgment.**

In the alternative, the State argues that the Court should still dismiss Stone's pending pro se petition and end the proceedings. The State points to the fact that it believes some of Stone's pro se claims were defaulted, not exhausted, or not cognizable. ECF No. 69 at 2. The State seems to misunderstand Stone's objective, which is to proceed on a new petition. That is lawful and appropriate because Stone is entitled to an opportunity to challenge the new judgment he is under.

A district court "*shall entertain* an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). This general duty to consider habeas petitions is curtailed if the petitioner is challenging the same judgment twice. 28 U.S.C. § 2254(b). But otherwise, it exists. While certain claims may be procedurally defaulted, untimely raised, unexhausted, or not cognizable, these defenses do not change the prisoner's essential right to file a petition seeking relief from their judgment.

Stone seeks to vindicate this right and challenge the new judgment that he is under via a new petition. This means the State's motion to dismiss should be denied as moot because the motion relates to Stone's pro se petition that challenged a judgment of conviction that no longer exists. In other words, because Stone was able to secure a second amended judgment of conviction, the Court should grant him an opportunity to file a petition that challenges the new judgment of conviction that he is currently in custody on. *See* 28 U.S.C. § 2254(a); *cf. Saladna-Garcia v. Williams*, Case No. 2:19-cv-00441-APG-BNW (D. Nev. Oct. 16, 2025) (ECF No. 83)

(granting petitioner leave to file second amended petition after state district court issued amended judgment of conviction).

In other contexts where the State's motion to dismiss was fully briefed, and then the Court appointed counsel, it is customary for counsel to still have the opportunity to file an amended petition. *See generally Cardenas v. Neven*, Case No. 3:15-cv-00476-MMD-VPC (D. Nev. Apr. 17, 2018) (ECF No. 19); *Langford v. Baker*, Case No. 3:19-cv-00594-MMD-WGC (D. Nev. Sept. 14, 2022) (ECF No. 112). Indeed, courts in this district have granted the request over the State's objection. *E.g.*, *Norton v. Hutchingson*, Case No. 2:23-cv-01357-RFB-MDC (D. Nev. May 1, 2026) (ECF No. 41) ("The Court sees no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances.").

It is even more appropriate here to allow appointed counsel to file an amended petition, given that the State's motion to dismiss relates to a pro se petition that challenges a judgment of conviction that has since been superseded. And just as in the typical case, the filing of a counseled amended petition will likely dispose of many of the State's defenses to the petitioner's pro se claims.

Next, although the State implies there has been some wrongdoing on Stone's part, ECF No. 69 at 2 & n.2, that is not the case. Before the state court issued the second amended judgment, counsel could not file an amended petition in this Court, because counsel had not secured authorization to do so from the Court of Appeals under § 2244(b). Thus, counsel sought to develop evidence of Stone's innocence to meet the § 2244(b) standard, via discovery and expert witness reports. Indeed, counsel ultimately filed a proposed second or successive petition for writ relief in the Ninth Circuit. Request for Authorization, *Stone v. Breitenbach*, Case No. 24-4476 (9th Cir. July 19, 2024) (Dkt. No. 1.1 at 22-56). When authorization was denied, counsel all but conceded that the pro se petition should be dismissed. ECF No. 64.

Now the procedural posture of this case has fundamentally changed. Authorization is not necessary, and the case can proceed as any new case would proceed.

To the extent the Court considers the issue under FRCP Rule 15(a)(2) (regarding leave to amend), every factor weighs in Stone's favor, as he has not acted in bad faith; he filed the instant motion almost as soon as the state court entered the amended judgment; amendment would not be futile; and Stone has not previously filed an amended petition. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Any prejudice to the State is minimal.

For all these reasons, the Court should deny the State's motion to dismiss as moot and set a briefing schedule.

Dated October 8, 2026.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Shelly Richter*
Shelly Richter
Assistant Federal Public Defender